CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYRONE SHELTON,  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>RICK WHITE,  )<br>  Defendant.  )  | Civil Action No. 7:25-cv-00645<br><br>By: Elizabeth K. Dillon<br>   Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrone Shelton, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) He alleges claims arising from his incarceration at Red Onion State Prison. Shelton has not paid the filing fee.

Based on court records, at least three of Shelton's previous actions have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Shelton may not proceed with any more cases unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Shelton's complaint alleges that he went on several days of hunger strikes, involving several missed meals, that resulted in the loss of 37 pounds, equal to 17% of his body weight. (Compl. 18.) He blames the hunger strikes on the actions of the lone defendant in this action, Rick White, the former warden of Red Onion. Shelton claims that he went on a hunger strike to protest the unlawful retaliatory actions of White and other prison staff, who discriminated against

---

[1] *See* Case Nos. 7:03-cv-123 (W.D. Va. Nov. 26, 2003), 1:21-cv-32 (E.D. Va. Aug. 27, 2021), 1:19-cv-1596 (E.D. Va. July 8, 2021); *see also* Case No. 7:22-cv-699 (W.D. Va.), Dkt. No. 54.

Shelton for being a jailhouse lawyer. "Due to there being overwhelming material evidence to support Shelton's allegations that [correctional officer] Mays intentionally destroyed his said property and the administration decided to cover-up Mays unprofessional conduct by rendering Shelton's regular grievance . . . as being unfounded, Shelton initiated a hunger strike on September 15, 2023." (Compl. 9.)

Shelton's complaint fails to allege any imminent danger of serious physical injury. A litigant can meet the imminent-danger exception if a "pattern of past conduct" places him or her in "ongoing imminent danger of harm." *Holley v. Combs*, 134 F.4th 142, 146 (4th Cir. 2025) (citing *Newkirk v. Kiser*, 812 F. App'x 159, 160 (4th Cir. 2020)). Shelton's complaint is focused on past infractions and not any danger that is close at hand. His allegations make clear that the hunger strike that he willfully commenced has stopped and is not ongoing. Plaintiff alleges past conduct; however, his allegations do not suggest or establish any pattern that places him in imminent danger.

As Shelton has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," Shelton's motion for leave to proceed in forma pauperis (Dkt. No. 2) is DENIED, and this matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

Entered: November 3, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge